IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JAMES THOMAS PAYNE, | ) | |
| | ) | Case No. CV-04-477-S-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| DIRK KEMPTHORNE, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this civil rights action are various motions filed

by the parties.  Having reviewed the motions and any responses, the Court enters

the following Order.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

A.      Plaintiff's Motion for Restraining Order (Docket No. 18) is DENIED.

Plaintiff alleges that he has been retaliated against for filing this lawsuit because he

is a minimum security inmate being kept at a medium security facility.  He also

wishes to have this Court intervene to determine whether the county prosecutor is

going to charge him with escape.  Plaintiff's full-term release date is approximately

three and half months away.  Plaintiff is not alleging that he is in any physical

**ORDER  1**

danger or that an irreparable injury will occur if injunctive relief does not issue.

See *Los Angeles Memorial Coliseum Commission v. National Football League*,

634 F.2d 1197, 1200 (9th Cir. 1980) (an irreparable injury is defined as an actual

and concrete harm, or the imminent threat of an actual and concrete harm).  The

Court is unwilling to entertain any additional claims in this case.  If Plaintiff

wishes to file a retaliation lawsuit, he may do so.

      B.     Plaintiff's Motion for Intervention (Docket No. 19) is DENIED, for

the reasons set forth directly above.  If Plaintiff has exhausted his administrative

remedies and wishes to pursue legal action for alleged retaliatory behavior, he may

do so in a separate lawsuit.

      C.     Plaintiff's Motion for Reconsideration re: Memorandum Order

(Docket No. 26) is DENIED.  Plaintiff seeks reconsideration of the Court's initial

review order dismissing Dirk Kempthorne, Sila M. Calderon, and Paul Panther,

and dismissing the First, Sixth and Eighth Amendment claims.  The court finds

Plaintiff's arguments without merit, and will briefly address only two of them.

Plaintiff asserts that the State has waived its Eleventh Amendment immunity

through its attorney Paul Panther via a letter that states, "you may file a lawsuit."

This language cannot be construed as a waiver to be sued in *federal* court.

Plaintiff's argument that the governors are not entitled to absolute immunity if they

**ORDER  2**

wrongfully authorized his transfer or extradition fails to recognize that the

immunity is for *evaluation* and actions on extradition requests, whether rightful or

wrongful.

        D.     Plaintiff's Motion for Service (Docket No. 32) is GRANTED.

Plaintiff shall provide physical service addresses for each Defendant to Kathy

Stutzman, Office of the Clerk of Court, 550 West Fort Street, Boise, ID  83724, no

later than December 9, 2006.  When the addresses have been provided, the Clerk of

Court shall forward a summons, copy of the Complaint (Docket No. 5), a copy of

this Order, and a copy of the Order issued on May 20, 2005 (Docket No. 23) to the

U.S. Marshal for personal service on Annabelle Rodriguez, Jose Santiago

Martinez, Rosa Alexandrino, Hector  Valetin de Jesus, Rafael Irizarry Rivera,

Nicolas Maldonado Velez, and Augustin Cartagena Diaz, all of Puerto Rico.

        E.     Plaintiff's Motion to Dismiss Phil Foster as Defendant (Docket No.

34) is GRANTED.  All claims against Phil Foster are dismissed.

        F.     Plaintiff's Motion for Temporary Restraining Order (Docket No. 36)

is DENIED without prejudice.  Plaintiff asserts that the prison intends to deduct

40% of his incoming funds to pay for federal court filing fees, rather than 20%, as

the Court order provides (Docket No. 22).  The Court is confident that the attorney

general can clear up Plaintiff's questions on the deduction of funds from his

**ORDER  3**

account to pay for his filing fee.

  G. Plaintiff's Motion for Extension of Time to Serve Defendants (Docket

No. 37) is GRANTED.  Service on the remaining Defendants shall be

accomplished no later than **February 28, 2006.**

  H. The Idaho Defendants' First Motion for Extension of Time to Answer

Discovery (Docket No. 41) is GRANTED.  Defendants' responses shall be due on

or before **December 9, 2005.**  The Court shall issue a scheduling order when the

Puerto Rico Defendants have been served.  In the interim, discovery between the

parties who have appeared to date may continue.

  I. Plaintiff's Motion to Compel Discovery (Docket No. 43) is MOOT,

given that the Court has authorized an extension of time for Defendants to

complete their answers.

       DATED:  **November 21, 2005**

       B. LYNN WINMILL
       Chief Judge
       United States District Court

**ORDER  4**